

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

GINA L. NAZELROD, )
                          ) Civil Action No. 5:05CV00020
    Plaintiff, )
                          )
v. ) **MEMORANDUM OPINION**
                          )
JO ANNE B. BARNHART, Commissioner )
of Social Security ) By: Hon. Glen E. Conrad
                          )       United States District Judge
    Defendant. )

       Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

       As reflected by the memoranda and argument submitted by the parties, the issues now before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is now, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

       The plaintiff, Gina L. Nazelrod, was born on September 3, 1974. Ms. Nazelrod has completed the requirements for a high school diploma. Plaintiff as worked as a machine shop operator, assembler, and cashier. She last worked on a regular basis in 1998. On January 8, 2003, Ms. Nazelrod filed applications for disability insurance benefits and supplemental security income

benefits. She alleged that she became disabled for all forms of substantial gainful employment on February 4, 1998 due to anxiety, asthma, and heavy metal poisoning which results in nausea and painful ulcers on her hands, legs and body. Ms. Nazelrod now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms. Nazelrod met the insured status requirements of the Act through the second quarter of 2003, but not thereafter. See, generally, 42 U.S.C. §§ 414 and 423. Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before June 30, 2003. See, generally, 42 U.S.C. § 423.

Ms. Nazelrod's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 13, 2004, the Law Judge also ruled that plaintiff is not disabled. While the Law Judge did not make explicit findings as to the nature or diagnoses of plaintiff's physical and emotional problems, the Law Judge's summary of the evidence suggests findings of anxiety with depression, asthma, and residuals of heavy metal poisoning. Despite these problems, the Law Judge ruled that Ms. Nazelrod retained sufficient functional capacity to return to her past relevant work as a loom operator or twist operator at all relevant times both before and after termination of her insured status on June 30, 2003. Accordingly, the Law Judge ultimately concluded that Ms. Nazelrod is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(e) and 416.920(e). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Nazelrod has now appealed to this court.

Case 5:05-cv-00020-GEC   Document 14   Filed 10/26/05   Page 2 of 6   Pageid#: 83

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court must conclude that there is substantial evidence which supports the Law Judge's finding that Ms. Nazelrod did not become disabled at any time prior to the termination of her insured status on June 30, 2003. While Ms. Nazelrod has suffered from periodic problems associated with asthma and heavy metal poisoning, the court believes that the Administrative Law Judge properly found that these physical difficulties are subject to reasonable medical treatment and control through administration of medication. Ms. Nazelrod's more serious condition consists of her anxiety and depression. Plaintiff has been treated for these emotional problems throughout the period following her last employment in February, 1998. A report from a clinical psychologist in May, 2003 suggests that Ms. Nazelrod's depression and panic disorder were disabling in overall severity. However, based on subsequent reports from two State Agency psychologists, the court believes that there is substantial evidence to support the Law Judge's finding that Ms. Nazelrod's emotional difficulties had not reached disabling proportion at anytime on or before June 30, 2003. It follows that the final decision of the Commissioner denying

Case 5:05-cv-00020-GEC   Document 14   Filed 10/26/05   Page 3 of 6   Pageid#: 84

plaintiff's claim for a period of disability and disability insurance benefits must be affirmed. See 42 U.S.C. § 423.

The difficulty in this case is that plaintiff has continued to experience significant emotional symptoms, including depression, anxiety, panic attacks, and suicidal ideation. There is some reason to believe that the onset of her emotional difficulties coincided with her heavy metal poisoning. In any event, Ms. Nazelrod received treatment for emotional symptomatology during those times when she was seen for asthma attacks, manifestations of heavy metal poisoning, and other physical difficulties. Beginning in early 2004, she was seen on what was essentially a weekly basis at her local mental health clinic. Her licensed clinical social worker noted significant emotional symptomatology, with a lot of ups and downs. In connection with her counseling, Ms. Nazelrod was referred to Dr. Marigail Wynne, a psychiatrist. In her initial report dated May 27, 2004, Dr. Wynne noted that Ms. Nazelrod appeared very anxious and very depressed. Dr. Wynne opined to the effect that plaintiff's emotional symptoms would not permit her to work with such regularity as is necessary for substantial gainful activity. The psychiatrist reported that plaintiff has no useful ability to deal with work stresses and that she simply cannot hold a job.

The court concludes that the psychiatric report from Dr. Wynne is undisputed and that it establishes plaintiff's disability for all forms of substantial gainful employment. Upon receipt of the psychiatric report, the Law Judge did not arrange for input from other mental health specialists, as was the case upon the earlier receipt of the report from the treating psychologist. Thus, the record strongly supports a finding of substantial deterioration in Ms. Nazelrod's emotional condition.

In a memorandum in support of her motion for summary judgment, the Commissioner argues that the earlier reports from the State Agency psychologists are such as to support the Law Judge's

rejection of Dr. Wynne's assessment of plaintiff's capacity for work-related activities. The court does not agree. Dr. Wynne saw Ms. Nazelrod almost a year after the State Agency psychologists had completed their review. Unlike the State Agency psychologists, Dr. Wynne actually saw Ms. Nazelrod in a clinical setting. See 20 C.F.R. § 416.927(d)(1). Moreover, as a psychiatrist, Dr. Wynne's assessment is entitled to greater weight than those of nonexamining, nonmedical sources. See 20 C.F.R. § 416.927(d)(5). Based on the treatment notes and the psychiatric report, the court concludes that Ms. Nazelrod has met the burden of proof in establishing that she had become disabled for all forms of substantial gainful employment as of January 16, 2004, when she began the weekly mental health counseling sessions.

Given the court's reasoning in this case, the court finds that plaintiff's alternate motion for remand of her case for consideration of new medical evidence is without merit. The court notes that the new reports, consisting in large measure of subsequent treatment notes from Dr. Wynne, confirm that plaintiff suffers from major depression and a generalized anxiety disorder. Dr. Wynne assesses plaintiff's prognosis as poor and again concludes that Ms. Nazelrod is simply too anxious to work. It is the court's impression that the new medical evidence supports the notion that Ms. Nazelrod became disabled early in 2004. However, the court finds nothing in the new medical reports to indicate that plaintiff's disabling emotional symptoms existed prior to the termination of insured status on June 30, 2003. Once again, Dr. Wynne did not become involved in the case until 2004. The court finds no basis for remand of this case so as to require further consideration of plaintiff's claim for disability insurance benefits. Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985).

In summary, the court has found substantial evidence to support the Commissioner's denial of plaintiff's claim for disability insurance benefits. Furthermore, the court finds no cause for

Case 5:05-cv-00020-GEC   Document 14   Filed 10/26/05   Page 5 of 6   Pageid#: 86

remand of this case for further consideration of plaintiff's claim for disability insurance benefits. Accordingly, the Commissioner's final decision denying this application for benefits must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). However, as to the Commissioner's denial of plaintiff's claim for supplemental security income benefits, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Upon the finding that plaintiff has met the burden as prescribed by and pursuant to the Act in establishing disability for all forms of substantial gainful employment for purposes of her application for supplemental security income benefits, partial summary judgment will be entered in favor of the plaintiff. The Commissioner's final decision denying supplemental security income benefits will be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under the supplemental security income benefit program, the court must remand the case to the Commissioner for an appropriate determination. An order and judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 26th day of October, 2005.

_____
United States District Judge

-6-

Case 5:05-cv-00020-GEC   Document 14   Filed 10/26/05   Page 6 of 6   Pageid#: 87